# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 28,933**

**JORGE RAMIREZ-MURILLO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from the district court's memorandum opinion affirming his conviction for DWI in violation of NMSA 1978, Section 66-8-102(A) (2005), and

NMSA 1978, Section 66-8-102(C)(1) (2005), in an on-the-record appeal following his bench trial in metropolitan court. This Court issued a calendar notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded by Defendant's arguments, we affirm.

On appeal, Defendant contends that his encounter with the police constituted a seizure that was not supported by reasonable suspicion or the community caretaking doctrine and that all evidence obtained following police contact with Defendant should have been suppressed. Our calendar notice proposed to affirm Defendant's conviction on the ground that the encounter between Defendant and the police was consensual. [CN 3-5] In his memorandum in opposition, Defendant argues that: (1) it was not a consensual encounter, [MIO 7-13] (2) it is unfair to affirm on consensual encounter grounds where "the trial court did not consider whether the encounter was consensual under New Mexico law and [the] defense was not given the opportunity to argue this issue at trial," [MIO 13] and (3) Defendant's encounter with police was an investigative detention that was unsupported by reasonable suspicion [MIO 14-19].

"On appellate review of the metro court's denial of a motion to suppress, we must determine whether the law was correctly applied to the facts." *State v. Aguilar*, 2007-NMCA-040, ¶ 6, 141 N.M. 364, 155 P.3d 769.

In determining whether an encounter between a citizen and police is consensual or constitutes a seizure, we consider "whether, under the

2

totality of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that the person was not free to decline the officer['s] requests or otherwise terminate the encounter."

*State v. Soto*, 2008-NMCA-032, ¶ 6, 143 N.M. 631, 179 P.3d 1239 (quoting *State v. Williams*, 2006-NMCA-062, ¶ 10, 139 N.M. 578, 136 P.3d 579). On appeal, we review "[t]he circumstances surrounding the encounter, including the question of whether the officer[] used a show of authority, . . . for substantial evidence." *Id.* "The question of whether the circumstances would have caused a reasonable person to believe he or she was not free to decline the officers' requests is a legal inquiry, which we review de novo." *Id.*

The facts of this case are set out in greater detail in our calendar notice. [CN 2-3] In short, officers had been dispatched to an apartment complex to investigate a report of "shots fired"; one of the officers saw Defendant park his vehicle in the parking lot perpendicular to and taking up three spaces; and the officer approached Defendant to ask why he had parked in that manner. [DS 2; RP 90] The officer testified that the manner in which Defendant parked had caught his attention, but that he had also approached the vehicle out of concern for Defendant's safety and to find out whether Defendant knew anything about shots being fired in that area. [DS 2-3; RP 90-91] As noted in our proposed disposition, upon approaching the vehicle, the officer immediately detected a strong odor of alcohol. [DS 2] Defendant argues that

3

the metropolitan court's ruling on Defendant's suppression motion, motion for directed verdict, as well as the metropolitan court's determination of Defendant's guilt, were all error because reasonable suspicion did not exist. [MIO 1-7]

In our calendar notice we noted that "a police officer does 'not need any justification to approach a person and ask that individual questions[,]' provided the officer does not convey a message that compliance with his or her request is required." [CN 4 (quoting *State v. Jason L.*, 2000-NMSC-018, ¶ 14, 129 N.M. 119, 2 P.3d 856)] Furthermore, we noted that there did not appear to be any evidence establishing that the officer had "made any showing of authority that would have caused Defendant to feel as though he could not leave," and thus, "we propose[d] to conclude that no seizure occurred." [CN 5] Given the information provided in Defendant's docketing statement, we proposed to hold that the officer engaged in a consensual encounter with Defendant based on a right for any reason analysis. [CN 5]

In response, Defendant contends that it is unfair for this Court to affirm the metropolitan court's decision on the ground that the encounter was consensual because that issue was not argued below. We disagree. "[D]efendants have the burden to raise an issue as to their illegal search and seizure claims." *State v. Baldonado*, 115 N.M. 106, 110, 847 P.2d 751, 755 (Ct. App. 1992). In this case, Defendant raised the issue of illegality by challenging whether the officer had

4

reasonable suspicion to approach the vehicle and ask questions. Although Defendant did not specifically argue that the encounter was not consensual, that argument was implicit in Defendant's challenges. The metropolitan court rejected Defendant's position that the officer needed reasonable suspicion because the court determined that the officer was reasonable to approach Defendant to warn him about the reported gunshots and inquire about Defendant's well being, based on the way that Defendant was parked. We have reached a similar conclusion on that basis. Although the metropolitan court did not use the term "consensual encounter," the legal effect of its decision is that it was a consensual encounter and therefore the acts of the officer were legal. It is not unfair to affirm the metropolitan court on that basis because even though the terms used were different, the substance of the argument is the same.

To the extent that Defendant contends that reasonable suspicion was required and was lacking, we disagree. At trial, Defendant elicited no testimony that more than one officer approached the vehicle, that the officer used aggressive language or an aggressive tone of voice, or other evidence that would indicate, under our case law, that the officer made a showing of authority that would have caused an innocent reasonable person in Defendant's position to feel as though he could not leave. *See Soto*, 2008-NMCA-032, ¶ 6 (observing that, "[i]in determining whether an encounter between a citizen and police is consensual or constitutes a seizure, . . . [w]e presume

5

the citizen to be an innocent reasonable person and we consider the sequence of the officer's actions and how a reasonable person would perceive those actions" (internal quotation marks and citation omitted)); *Jason L.*, 2000-NMSC-018, ¶ 7 (considering aggressive language or tone of voice, the number of officers present, and whether the officers were armed in determining whether a reasonable person would feel free to leave). On appeal, Defendant relies on *Baldonado*, 115 N.M. at 110, 847 P.2d at 755, and *Soto*, 2008-NMCA-032, to argue that the officer's show of authority created a situation where a reasonable person in Defendant's position would not have felt free to leave. In *Baldonado*, the police officer pulled up behind a stopped vehicle and engaged his emergency lights. *Soto* involved two officers in a vehicle pulling up next to a person on a bicycle, asking the person questions, and demanding the person's driver's license. Here, drawing all reasonable inferences in favor of the metropolitan court's determination, it appears that the officer approached Defendant's truck, alone and on foot, to ask Defendant why he had parked in such a manner and to possibly see if he knew anything about the report of shots being fired. To the extent that Defendant contends the metropolitan court made no finding that only a single officer approached the vehicle, this is a reasonable inference the metropolitan court could have made from the testimony presented in support of its determination. *See Soto*, 2008-NMCA-032, ¶ 6 (stating that the "circumstances surrounding the encounter,

including the question of whether the officers used a show of authority, constitute a factual inquiry reviewed for substantial evidence"). Given these facts, we conclude that both *Baldonado* and *Soto* demonstrate a show of authority that is not present in this case and that, here, a reasonable person in Defendant's circumstances would have felt free to leave. Thus, given the facts of this case and Defendant's failure to meet his burden of demonstrating that the encounter was not consensual and was, in fact, a seizure, we cannot conclude that the metropolitan court's determination that reasonable suspicion was not required was error.

**CONCLUSION**

For the reasons stated above and in our notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**